Douglas Sherrod
Sherrod Defense, APC
9440 Santa Monica Blvd Suite 301
Beverly Hills, CA 90210
T: 310-890-9047
E: ds@sherroddefense.com

Jonathan O'Brien (New York Bar No. 5043369)
(*Pro Hac Vice* forthcoming)
Law Office of Jonathan O'Brien
745. Fifth Avenue – Suite 500
New York, NY 10166
T: 917-563-6612
E: jobrien@burnsobrienlaw.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMANDA MOFF; CHELSEA SHANNON MACINTYRE; and BRITTANY LEE BALL<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; Federal BUREAU OF PRISONS; WILEY Z. JENKINS II, Warden, in his official and individual capacity; CORRECTIONAL OFFICER MORALES, a real person whose full name is yet unknown, in his official and individual capacity; COUNSELOR and UNIT MANAGER NEGRETE, a real person whose full name is yet unknown, in his official and individual capacity; SPECIAL INVESTIGATIVE SUPERVISOR RENDO, a real person whose full name is yet unknown, in his official and individual capacity; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  2:24-cv-2733<br><br>**COMPLAINT FOR DAMAGES, DECLARATIVE & INJUNCTIVE RELIEF**<br><br>JURY TRIAL DEMANDED |

1

## NATURE OF THE ACTION

1. Defendants, all of whom are male federal employees employed by the Federal BUREAU OF PRISONS entrusted with the custody and protection of the inmates in their charge, violated Plaintiffs' integrity and constitutional rights as women by locking them in a prison cell with a sexually aggressive biological male, and are liable for the foreseeable sexual assault and inevitable genital exposure that Plaintiffs suffered as a result of Defendants actions.

2. The United Nations Standard Minimum Rules for the Treatment of Prisoners states that men and women shall so far as possible be detained in separated facilities (Rule 11).

3. The Department of Justice's Transgender Offender Policy for housing female-identifying males has changed dramatically three times since 2017. Under the present guidelines, which allow female-identifying males to be incarcerated with biological females, women similarly situated to Plaintiffs have and do face an elevated, substantial risk to their safety, modesty and privacy and are regularly placed in inhumane conditions by the BUREAU OF PRISONS.

4. Women comprise less than ten percent of all federal inmates. Most female inmates have been subjected to domestic violence, sexual abuse, and sexual harassment throughout their lifetimes. Upon information and belief, as of this occurrence, there are 916 female-identifying male inmates in the BUREAU OF PRISONS's facilities and the state, municipal and private facilities who contract with the BUREAU OF PRISONS. That number is growing.

5. Plaintiffs were forced to sleep, shower, relieve themselves and otherwise be naked in the confined presence of a biological male, and in turn were forced to be confined in the presence of a naked male because of Defendants actions. Forcing women against their will to share a prison cell, exposed

toilet and shower with a biological male degrades basic human dignity and endangers women.

6. For these violations, Plaintiffs seek nominal, compensatory, and punitive damages, attorneys' fees and costs, and any other relief that the Court deems appropriate.

## JURISDICTION AND VENUE

7. Los Angeles Metro Detention Center (MDC-LA) is a BUREAU OF PRISONS facility located at 535 Alameda St, Los Angeles, California, 90012.

8. Plaintiffs bring this action pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), the United States Constitution, the California statutory law, California common law, and the Federal Tort Claims Act (FTCA). The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

9. On or about June 10, 2022 plaintiffs duly filed Standard 95 Forms pursuant to the FTCA. This action has been commenced within two years occurrences complained of herein. To date no response has been received beyond acknowledgment of receipt.

10. Heretofore individual named defendants are federal employees and agents of the BUREAU OF PRISONS. Venue is proper under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1402(b). This District is the appropriate venue for resolving this case or controversy the acts or omissions giving rise to Plaintiffs' claims happened in this District (Central California).

## PARTIES

11. Plaintiff AMANDA MOFF is a woman and former inmate incarcerated in the Women's Unit of MDC-LA. She was released from custody in May of 2022. Moff suffered severe sexual and physical abuse by men beginning in early childhood. While in the custody of the BUREAU OF PRISONS, she was sexually assaulted by Jason South, a biologically male inmate defendants placed in her

3

cell. Moff is an adherent of the Christian faith, and Defendants impaired her sincerely held religious beliefs and practices, required her to do something her faith prohibited, and violated her constitutional rights and dignity as a woman by forcing her into a confined, intimate setting with a female identifying biological male.

12. Plaintiff CHELSEA SHANNON MACINTYRE is a female inmate at an in-transit federal facility in Nevada. She too identifies as a Christian and is a sexual assault victim. She was incarcerated in MDC-LA until April of 2022. Defendants forced her to share a prison cell with Jason South, who sexually assaulted her. She is currently incarcerated in Aliceville Federal Prison in Alabama.

13. Plaintiff BRITTANY LEE BALL is a female inmate incarcerated in a California state facility, soon to be transferred to a federal facility. She was incarcerated in MDC-LA until May of 2022. Defendants forced her to share a prison cell with Jason South, who sexually assaulted her. She too identifies as a Christian. She is currently incarcerated in a Federal facility in Minnesota, where she faces similar, imminent harm because of defendants' policy of housing biological male inmates with female inmates.

14. At all times referred to herein, the federal BUREAU OF PRISONS, an agency of Defendant UNITED STATES OF AMERICA, was in possession and control of MDC-LA; exercised control and custody over Plaintiffs; and bore responsibility for Plaintiffs' custody and safety. Pursuant to the FTCA, 28 U.S.C. § 2674, the United States has waived sovereign immunity as to Plaintiff's state tort claims against Defendants JENKINS, NEGRETE, MORALES and RENDO.

15. Defendant WILEY JENKINS IS and at all relevant times was the warden of MDC-LA. He is a federal employee of the BUREAU OF PRISONS, oversees the day-to-day operations of MDC-LA, and was responsible for the care and custody of Plaintiffs and other female inmates. Defendant Jenkins

violated the Prison Rape Elimination Act (PREA) regulations (section 28 C.F.R. § 115.42 (c))[1] and his duty to provide inmates under his charge with humane living conditions and appropriate care when he directed his subordinates to place a biologicallymale inmate in the woman's division of the MDC-LA, and in a cell with Plaintiffs. Defendant Jenkins knew that Jason South aka Annabelle Grace was a biological male transferred from a men's facility, was a Care Level III psychiatric inmate and posed a threat to female inmates such as the Plaintiffs herein. In 2021, the last time MDC-LA had a "transexual" or female-identifying male inmate, Defendant Jenkins placed him in the male unit. At the time of the incident complained of, and for the first time, he placed a biological male, Jason South aka Annabelle Grace, in a cell with Plaintiffs, biological females including overnight and during lock-down. At all relevant times Defendant Jenkins was acting under color of federal state law and is being sued in his official and individual capacity.

16. Defendant MORALES is a federal employee of the BUREAU OF PRISONS at MDC-LA. He is a Correctional Officer, and he violated his duty to provide humane living conditions and appropriate care for the Plaintiffs under his care and custody and who objected to being confined with a biological male when he escorted a Care Level III male from the psychiatric ward and placed him into a prison cell with Plaintiffs. Morales ignored Plaintiffs' objections to sharing a prison cell, the cell's single exposed toilet, and an exposed common shower, with a biological male. Defendant Morales was acting under color of law and is being sued in his official and individual capacity.

17. Defendant NEGRETE is and at all relevant times was a counselor and the unit manager of the Women's Division of MDC-LA. NEGRETE is a federal employee of the BUREAU OF PRISONS, and as a unit manager and counselor to female inmates had a duty to provide humane living conditions and

---

[1] "In deciding whether to assign a transgender or intersex inmate to a facility for male or female inmates…the agency shall consider on a case-by-case basis whether a placement would ensure the inmate's health and safety, and whether the placement would present management or security problems."

appropriate care for the female inmates under his care and custody. NEGRETE was deliberately indifferent and recklessly failed to prevent the foreseeable harm complained of herein and took no corrective action when a biological male was transferred from the psychiatric unit to Plaintiffs' cell. NEGRETE discouraged and prevented Plaintiffs from filing grievances related to defendants' actions. Defendant NEGRETE as unit manager was deliberately indifferent in failing to control and supervise prescription medicine given to Jason South aka Annabelle Grace. Defendant NEGRETE was acting under color of law and is being sued in his official and individual capacity

18. Defendant Special Investigative Supervisor RENDO is and all relevant times was a federal employee of the BUREAU OF PRISONS. RENDO is responsible for the care and custody of inmates at MDC-LA and he violated his duty to provide humane living conditions and appropriate care for the female inmates under his care and custody. Defendant RENDO told Plaintiffs that he directed correctional officers to place Jason South in a prison cell with Plaintiffs, including during lock down. He told Plaintiffs "either this happens or I have a dead faggot on my hands." By this, Defendant NEGRETE meant that he and defendants were aware Jason South might traumatize and abuse Plaintiffs and other female inmates but were sacrificing Plaintiffs welfare to avoid an adverse consequence to Jason South aka Annabelle Grace. Defendant RENDO was acting under color of law and is being sued in his official and individual capacity.

## FACTUAL ALLEGATIONS

19. On April 5, 2022, Federal Inmate Jason South, who at the time was serving a 16-year sentence for manufacture and sale of pipe-bombs, was transferred from the male inmate division of Victorville Prison by correctional officer Bravo to the 9th Floor of MDC-LA, where female inmates are housed.

20. Jason South was "dressed in" by Correctional Officer Rivas and put in the MDC-LA psychiatric

ward, Room 931, on the 9th Floor and in the MDC-LA Women's Unit.

21. On April 6, 2022, Defendant Morales escorted Jason South aka Annabelle Grace out of the psychiatric ward and placed him in Room 940, Plaintiffs' prison cell.

22. Room 940 had two bunkbeds and an exposed toilet in the center with no curtain or divider. Plaintiffs immediately objected to MORALES about sharing a cell with a man, and they asked that Jason South be placed in an empty two-man cell. Defendant MORALES replied, "Not going to happen. She has to be housed with multiple people."

23. Jason South aka Annabele Grace identifies as a trans female but is a biological male with a strong masculine appearance.

24. When Jason South aka Annabelle Grace arrived in Room 940 he appeared to be ecstatic. He told Plaintiffs that he had been trying to transfer to a woman's division for three years so that he could "fuck."

25. He told Plaintiffs, his cellmates, that "Annabelle Grace" was his "Vegas name" and that he was still "intact," referring to his male genitalia.

26. To Plaintiffs, Jason South seemed mentally ill. He was stronger than Plaintiffs. His presence and sexually explicit comments made the Plaintiffs feel unsafe.

27. Like many female inmates, Plaintiffs had suffered severe sexual abuse throughout their lifetime at the hands of men.

28. Jason South aka Annabelle Graceproceeded to tell Plaintiffs that he had already seen many vaginas on the female

floor of MDC-LA and talked of his plans of "fucking girls."

29. He told Plaintiffs that he would not get the "surgery" because he wanted to keep his male genitalia.

30. He told Plaintiffs, his cellmates, that he was not consuming his gender transition medication because it reduced his sex drive and ability to have an erection.

31. Jason South observed Plaintiffs when they used the exposed toilet in between the bunkbeds of their cell.

32. When Jason South used the toilet in the center of the cell, he stared at Plaintiffs and jerked his penis back and forth, as if masturbating.

33. He ogled Plaintiffs as they changed their clothes.

34. Defendants locked down Plaintiffs with Jason South at 8:30pm on April 6.

35. Jason South took the bottom bunk under one of the other female inmates. He grabbed, fondled and sexually assaulted Plaintiff CHELSEA SHANNON MACINTYRE.

36. All three Plaintiffs remained awake through the night out of fear.

37. On April 7, 2022, Plaintiffs again requested that correctional officers remove the biological male inmate from their cell. The correctional officers refused to do so.

38. When Plaintiffs were dressing and the room locked down, Jason South went up to Plaintiff AMANDA MOFF in a locked down cell and fondled her breasts and sexually assaulted her. Moff pushed away and demanded that Jason South aka Annabelle Grace stop.

39. Jason South responded "Well since I've seen yours', here's mine," and showed all three Plaintiffs his penis.

40. Jason South then demonstrated over Plaintiffs' objections how he would "tuck" his genitals under two

pairs of woman's underwear.

41. Jason South aka Annabelle Grace told Plaintiffs that he had masturbated in the common shower of the MDC-LA Woman's Unit on the 9th Floor and that his semen came out clear.

42. Defendants failed to monitor Jason South's prescription medication and hormone treatment, and as a result he was able to take the pills, as many as seven, back to Room 940 and show to Plaintiffs without taking them.

43. He said he would not take the pills, which included testosterone blockers and estrogen, because he wanted to stay sexually viable as a man.

44. At 8:30pm on April 7, defendants again locked down the Plaintiffs in their cell with Jason South.

45. Jason South told the Plaintiffs that he intended to crawl into bed with them as they slept.

46. Jason South explained to Plaintiffs how he learned to make "shanks" in male prisons. He had been convicted for the manufacture and sale of pipe-bombs and manifested aggressive tendencies.

47. Once again Plaintiffs did not fall asleep out of fear.

48. Later that night correctional officer Mendoza walked by and announced that Jason South as previously scheduled would be airlifted to another female facility in Texas, which he was.

49. On April 8, Moff and her two female cellmates requested grievance forms from defendant NEGRETE, who was counselor to female inmates and unit manager of the 9th Floor of MDC-LA.

50. Pursuant to Department of Justice guidance and BUREAU OF PRISONS policy, Unit Managers and Wardens are personally involved in and supervise designation, placement and hormone therapy of female identifying males.

9

51. Defendant NEGRETE refused to give Plaintiffs BP-8 and BP-9 forms, advising them to verbally complain to staff instead.

52. Defendant NEGRETE pretended that he did not know what BP-8 and BP-9 grievance forms were, even though he was an inmate counselor and had worked for the BUREAU OF PRISONS for decades.

53. Plaintiffs persisted in requesting from defendant Negrete the grievance forms. After a delay, he reluctantly suppled the forms, saying "I don't hand these out like candy."

54. Not confident MDC-LA staff would register their grievance forms, Plaintiffs filed electronically PREA complaints with the Department of Justice on or about April 9, 2022.

55. The Plaintiffs also complained to Defendant Special Investigative Supervisor employee RENDO. He told them that he directed correctional officers to house Jason South with women and that Plaintiffs were not supposed to know that Jason South was a Care Level III psychiatric inmate.

56. On or about April 11, Plaintiffs turned in BP grievance forms to defendant NEGRETE, who declined to sign them.

57. Defendants never responded to Plaintiffs' BP-9 grievance form.

58. In late April and early May, defendant NEGRETE and MDC-LA staff refused to supply Plaintiffs with BP-10 grievance forms even when the deadline for such forms was passing.

59. Plaintiff MOFF was released from custody on May 7, 2022, and remains separated from her belongings and paperwork, which remains in possession of MDC-LA.

60. Plaintiffs MACINTYRE and BALL, after being transferred to different facilities by defendants, remain separated from their belongings and paperwork.

61. Defendants at MDC-LA transferred and kept inmates separated from their belongings and paperwork to

    prevent them from proceeding with the administrative remedy process.

62. In order to deter Plaintiffs from taking any further action, defendants scattered the two remaining female cellmates to different facilities, and MDC-LA remains in possession of their property and paperwork.

63. Plaintiffs now suffer post traumatic stress as a result of to the incident, cannot sleep, and the ordeal aggravated pre-existing trauma related to prior sexual abuse. Their resulting anxiety and distress affect their ability to function and impairs Plaintiff MOFF's employment prospects.

## FIRST CAUSE OF ACTION: EIGHTH AMENDMENT
**Failure to Protect & Inhumane Conditions of Confinement against all Defendants: Declaratory Judgment, Injunctive Relief and Damages**

64. Plaintiffs reallege and incorporate herein by reference each of the allegations contained in this Complaint as if fully set forth hereat.

65. The Eighth Amendment to the U.S. Constitution prohibits cruel and unusual punishment. Prison officials have a duty under the Eighth Amendment to protect prisoners from physical and sexual abuse by other prisoners, including the psychological distress and terror that such violence may occur.

66. A prison official can violate the Eighth Amendment by failing to protect an inmate if the official knows of and disregards an excessive risk to inmate health or safety.

67. By housing a sexually aggressive biologically male inmate with known psychological issues on the Woman's Floor of MDC-LA, and by forcing the Plaintiffs to share a prison cell with said biological male, each of the defendants deliberately subjected Plaintiff to cruel and unusual punishment and were

deliberately indifferent to Plaintiffs' safety, health, and well-being.

68. Plaintiffs Ball and McIntyre remain incarcerated in federal facilities, are subject to a genuine and distinct likelihood of renewed Eighth Amendment harm of the above described nature as a result of the policies adopted by the defendants and as promulgated by the Bureau of Prisons and Department of Justice, and as implemented by the named defendants and other employees of the Bureau of Prisons.

69. Plaintiffs request a judicial declaration pursuant to 28 U.S.C. § 2201 that Defendants' policy is unconstitutional both on its face and as applied under the present facts to the Plaintiffs herein under the Eighth Amendment, and that application of the policy of housing biologically male inmates who identify themselves as female, transgender, nonbinary, or other such identities violates the duty of Defendants under the Eighth Amendment to protect Plaintiffs from cruel and unusual punishment.

## SECOND CAUSE OF ACTION: NEGLIGENCE
**(California Common Law)**

70. Plaintiffs reallege and incorporate herein by reference each of the allegations contained in this Complaint as if set forth hereat.

71. Plaintiffs Ball, McIntyre and Moff bring this common law negligence claim for damages pursuant to the Federal Torts Claims Act.

72. In the performance of their official responsibilities and duties, the individual Defendants violated their duties to the Plaintiffs herein by housing a biological male with known dangerous propensities in the same cell as the female plaintiffs herein and continued to confine Jason South aka Annabelle Grace together with the plaintiffs herein together in that cell despite other options being reasonably available.

73. Individual defendants were negligent in failing to monitor the use of Jason South aka Annabelle

Grace's transition medication and take reasonable steps for the safety of the Plaintiffs herein.

74. Individual defendants were further negligent in the care custody and protection of the plaintiffs herein by allowing the abuse complained of to take place after they knew or should have known of the sexually aggressive behavior of Jason South aka Annabelle Grace.

75. As a result of their failure to use due care in the care, custody and protection of the named inmates herein, Defendants caused plaintiffs to sustain sexual abuse, emotional harm, shame humiliation, and loss of privacy as stated herein. But for Defendants negligence, the injuries sustained herein, the harm sustained herein never would have occurred.

### THIRD CAUSE OF ACTION: GENDER VIOLENCE
**(Cal. Civ. Code § 52.4)**

76. Plaintiffs repeat and incorporate by reference each and every allegation contained in this Complaint as if fully set forth herein.

77. Plaintiffs Ball, McIntyre and Moff bring this common law negligence claim for damages pursuant to the Federal Torts Claims Act.

78. Plaintiffs brings this claim for gender violence under California Civil Code § 52.4 against defendants in their individual capacity.

79. Under California statute, any person subjected to gender violence may bring a civil action for damages against the responsible party. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

13

80. Defendants violated the privacy and discriminated against Plaintiffs on the basis of their sex and gender when they forced them under coercive circumstances to share a prison cell including during lockdown with a biological man.

## FOURTH CLAIM FOR RELIEF: INJUNCTIVE RELIEF

81. Plaintiffs reallege and incorporate herein by reference each of the foregoing allegations.

82. Defendants policy of housing biological males with biological females is facially unconstitutional, and unconstitutional as applied to Plaintiffs, in the manner herein alleged. Enforcement or implementation of the policy imposes irreparable harms on Plaintiffs. Plaintiffs have no adequate remedy at law, and the balance of equities weighs in favor of upholding Plaintiffs' constitutional rights. Plaintiffs are entitled to a permanent injunction enjoining Defendants from enforcing or implementing said policy.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For nominal, general and compensatory damages in the amount of $10,000,000 (ten million dollars) or in an amount according to proof at trial;

2. For punitive and exemplary damages against each named individual defendants in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3. For a judicial declaration that forcing women to share a prison cell in the manner alleged with a biological male is unconstitutional, cruel and unusual punishment;

4. For injunctive relief enjoining defendants from forcing plaintiffs and female inmates similarly situated

to share prison cells with biological men in the manner alleged;

5. Costs, distributions, expenses and including reasonable attorneys' fees under 28 U.S.C. § 2412 and 42 U.S.C. § 1988 or as otherwise permitted by law;

6. Such other relief that the Court deems just and equitable.

Dated: April 2, 2024

RESPECTFULLY SUBMITTED,

_____
Douglas Sherrod
Sherrod Defense, APC
9440 Santa Monica Blvd Suite 301
Beverly Hills, CA 90210
T: 310-890-9047
E: ds@sherroddefense.com

Jonathan O'Brien
(New York Bar No. 5043369)
(*Pro Hac Vice* forthcoming)
Law Office of Jonathan O'Brien
745 Fifth Avenue – Suite 500
New York, NY 10151
T: 917-563-6612
E: jobrien@burnsobrienlaw.com